## HENRY TEALS v. THE STATE.

No. 16969.   Delivered October 24, 1934.
Reported in 75 S. W. (2d) 678.

The opinion states the case.

*H. H. Shelton* and *D. J. Pickle,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifty years.

Appellant, who is a negro, had gone to the home of his sister to attend a Christmas Eve party. Deceased, J. N. Stallings, who was a white man, entered the house where the party was in progress and stated to some of the negroes that he wanted a taxicab. Deceased was drunk. However, according to witnesses for the State, he did nothing to provoke an assault by appellant. Some of appellant's witnesses testified that deceased placed his hands on the person of a negro woman. Upon finding deceased in the house, appellant took hold of him and led him to the front gate. According to witnesses for the State, appellant struck deceased after they had passed through the gate and deceased fell to the ground. The witnesses saw no weapon in appellant's hand. According to appellant's testimony, deceased cursed him and attacked him and he shoved deceased to the ground. After deceased fell appellant went back in the house. Other negroes present removed the body of deceased to a vacant lot. The State's testimony, as well as appellant's, was to the effect that appellant had nothing to do with the removal of deceased's body. According to appellant's testimony, he did not know that deceased was seriously injured.

There were some rocks where deceased fell, some of them as large as a man's fist. There was no blood on the rocks. There was blood on the gravel in front of the house at the point where deceased fell. Deceased's body lay on the vacant lot during the entire night. Upon examination being made of the body it was discovered that the skull was fractured, the wound extending from the side of the head to the back. Deceased had no money in his pocket. The State offered testimony to the effect that during the day deceased had two or three dollars in money. The uncontroverted testimony of several white witnesses was to the effect that appellant's general reputation as a peaceable and law-abiding citizen was good.

Appellant was arrested some time after the homicide while walking along a street in the city of Austin. He had a small ice pick in his possession at the time. One count of the indictment charged that appellant killed deceased by striking him with an ice pick. There was also a count charging the use of means, instruments and weapons unknown to the grand jury. Another count charged that the striking was done with some hard object, a description of which was unknown to the grand jury. Appellant's bill of exception No. 4 discloses that over proper objection the foreman of the grand jury was permitted to testify that the evidence before the grand jury indicated that possibly the killing was done with an ice pick, and possibly with some other instrument or object which was not known to the grand jury. It was appellant's theory, given support in the evidence, that deceased was injured by striking a rock when he fell. We find no evidence supporting the conclusion that an ice pick was used. While it would have been proper to have proven that the grand jury, after a diligent effort, were unable to determine the means used in committing the homicide, the opinion is expressed that the statement of the foreman that the evidence before the grand jury showed that possibly an ice pick or some other hard instrument was used was hearsay and inadmissible.

Over appellant's exception timely and properly made, the court charged article 1203, P. C., as follows: "You are instructed that if the person inflicting the injury which makes it necessary to call aid in preserving the life of the person injured shall willfully fail or neglect to call such aid, he shall be deemed equally guilty as if the injury were one which would inevitably lead to death."

The opinion is expressed that the evidence did not warrant the foregoing instruction. It is observed that appellant testi-

fied that deceased cursed him and attacked him, and that he merely pushed deceased to the ground, that when deceased fell he (appellant) went into the house. Deceased was drunk. Appellant was not present when the body of deceased was carried to the vacant lot. He participated in the removal of the body in no manner; and, according to the evidence, had no knowledge that it had been removed. The mere omission to call aid, without knowledge of the fact of injury and without the element of legal malice or evil intent, would not warrant the giving in charge of the statute in question. In no event should appellant be held responsible under said article, unless there was a willful failure or neglect to call aid for the man whom he had injured. Waldrup v. State, 1 S. W. (2d) 303; Ware v. State, 55 S. W., 342. Again, said instruction is an abstract statement of the statute. As submitted it was calculated to lead the jury to believe that the trial court was of the opinion that appellant knew that he had inflicted a serious injury on deceased and had willfully neglected and failed to call aid.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.